MOXIE CO. v. DAOUST.

(District Court, D. New Hampshire. June 22, 1912.)

No. 380.

TRADE-MARKS AND TRADE-NAMES (§ 70*)—UNLAWFUL COMPETITION—MOXIE.
Complainant widely advertised and sold a beverage called "Moxie" in bottles of transparent glass, of a novel distinctive shape, with a metal top holding over the neck of the bottle through pressure. Complainant's bottle was marked in two places with the words "Trade-Mark," and was covered by a label having the word "Moxie" thereon, and the figure of a woman with bared arms and a shoulder load of grain, specifying the Moxie Company of New York and Boston as proprietors. Defendant put out a competing beverage called "Bo-La" in a similar bottle, in the body of which was blown the word "Registered," with the word "Bo-La," in association with an eagle with spreading wings, and the words "Manufactured by Dan Daoust, Manchester, N. H.," all blown in the bottle on a sunken base surrounded by a circular line. The labels on the bottle were different in color and design, defendant's word "Bo-La" in red being surrounded with red ornamental lines, and the name of the manufacturer and place distinctly set out and prominently surmounted by an eagle, with spreading wings, and arrows in its claws. Held that, though the form of the bottles was practically the same, the distinctive markings, supplemented with the pictorial advertising of defendant's goods, showed that he was not intentionally building on complainant's reputation, and was therefore not guilty of unlawful competition.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Suit by the Moxie Company against Daniel Daoust. Bill dismissed.

Mitchell, Chadwick & Kent, of Boston, Mass., for complainant.
P. H. Sullivan, of Manchester, N. H., for defendant.

ALDRICH, District Judge. In this case the complainant asks for an injunction upon the ground that the defendant is engaged in unfair competition.

The complainant, through extensive advertising, has built up a very considerable reputation for the beverage known as Moxie, and it is claimed that their transparent glass bottle, of a novel and distinctive shape, is such that the consuming public recognizes the bottle, in which the color of the contents is shown, and that the defendant's bottle and the color of the beverage are so like the complainant's in visual appearance that the purchasing public accept the defendant's beverage, thinking it to be Moxie, when it is not. The complainant's trade-mark "Moxie" is registered and the name blown in its bottles. The defendant's trade-mark "Bo-La" is blown in the bottles, with other figures, which clearly indicate, if examined, the advertisement of a different article from that known as Moxie.

The evidence sufficiently shows that the defendant's beverage was originally put up in champagne bottles, which have a well-known shape, and different from that of the Moxie bottle. The defendant changed the champagne bottle to a Simpson bottle, which he says he liked better, and, after certain experiments, ordered large quantities made, of clear glass and of the shape of the Simpson bottle, which is unquestionably of a shape like that of the Moxie bottle. The Simpson bottle which he used at first had ornamental flutings about the top and bottom of the body of the bottle. The defendant's explanation of the change is that he found a shortage of empty champagne bottles in the market, that he liked the Simpson bottle better, and, discarding the flutings, had sufficient quantities made with markings of his own.

Under the holdings in the Singer Case, 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118, and the Dictionary Cases, which were trade-mark cases, reported in (C. C.) 150 Fed. 638 and 170 Fed. 167, 95 C. C. A. 423, and that of the Yale & Towne Manufacturing Co. v. Worcester Manufacturing Co., 195 Fed. 528, which was a patent case, decided in the Court of Appeals for the First Circuit, April 9, 1912, where the complainant's case was largely predicated upon the idea of the same visual appearance, I think the complainant here has not made out a case for relief upon the ground of unfair competition.

The Moxie bottle has a metal top which holds over the neck of the bottle through pressure, while the defendant's has a rubber stopper forced into the snout of the neck of the bottle and held by wire mechanism. The complainant's bottle is marked in two places with the words, "Trade-Mark," while the defendant's bottle has blown on its body, in prominent letters, "Registered," with the word "Bo-La," in association with the emblem of an eagle with spreading wings, and the words, "Manufactured by Dan Daoust, Manchester, N. H.," prominently blown in the bottle, all upon a sunken base surrounded by a circular line. The labels are distinctively different in color and design; the defendant's word "Bo-La" being surrounded with red ornamental lines, with the word "Bo-La" in red letters, and the name of the manufacturer and place of manufacture distinctly and promi-

nently set out, and prominently surmounted by an eagle, with spreading wings, and arrows in its claws, while the complainant's label has the word "Moxie," and specifies the Moxie Company of New York and Boston as proprietors, all of which is emphasized by the figure of a woman 'with bared arms, and a shoulder load of grain.

The case is pretty strong upon the visual shape of the bottles, but under the doctrine of the cases to which I have referred, especially that of the Yale & Towne case, the visual shape is not always a controlling factor.

The distinctive markings, supplemented by the extensive and elaborate pictorial advertising of the Bo-La proprietor, make it clear that the defendant was not building upon the name or reputation of Moxie, but trying to create a reputation for Bo-La.

I do not think the complainant has sustained such a proposition of unfair competition as entitles it to equitable relief, and the bill should be dismissed, and it is so ordered.