MOXIE CO. v. BAGOIAN.

(District Court, D. New Hampshire. June 22, 1912.)

No. 378.

1. TRADE-MARKS AND TRADE-NAMES (§ 72*)—UNLAWFUL COMPETITION—CONTAINERS.

Complainant, as part of an advertising campaign for the sale of a beverage called "Moxie," furnished to dealers for use in selling the same glasses in which the word "Moxie" was prominently blown. Defendant having received some of these glasses later began to sell a competing beverage therefrom. Held, that such use of complainant's glasses was wrongful, and that it was entitled to an injunction restraining the same.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 83; Dec. Dig. § 72.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 101*) — UNLAWFUL COMPETITION — COSTS.

Where, in a suit to restrain the sale of a beverage in bottles resembling those of complainant, the court found that the resemblance was not sufficient to entitle complainant to a decree on that ground, but that complainant was entitled to an injunction restraining defendant's sale of a competing beverage in complainant's glasses, which was an inconsequential part of the litigation, costs would not be granted to either party.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 115; Dec. Dig. § 101.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Bill by the Moxie Company against Hachig John Bagoian. Judgment for defendant.

Mitchell, Chadwick & Kent, of Boston, Mass., for complainant.
John M. Stark, of Concord, N. H., for respondent.

ALDRICH, District Judge. So far as concerns the claim of unfair competition, based upon the ground of visual appearance, and

the other phases having reference to the manner in which Bo-La is put upon the market, this case is controlled by the result reached in Moxie Co. v. Daniel Daoust, 197 Fed. 678, June 22, 1912.

[1, 2] The present case, however, involves an additional phase. The evidence shows that the defendant sometimes served Bo-La in Moxie glasses, which had been put out by the Moxie Company to him when carrying the Moxie beverage, and in these glasses the word "Moxie" was prominently blown. It is, of course, reasonable to assume that the Moxie Company did not intend these glasses, furnished to their dealers, to be used in connection with other beverages, and I think the defendant's use of the glasses was wrongful, and that an injunction should issue under that feature of the bill. The defendant thus prevails upon the substantial branch of the complainant's case, and fails on that phase which, though wrongful in this particular case, is practically inconsequential, and, as a result, I think there should not be costs either way. A decree will be drawn in accordance with this opinion.